**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **VERMONT NATIONAL TELEPHONE COMPANY,**<br>354 River Street<br>Springfield, VT 05156,<br><br>       Plaintiff,<br>v.<br><br>**U.S. DEPARTMENT OF JUSTICE**<br>Civil Division<br>FOIA and Privacy Office<br>Room 8314<br>1100 L Street, NW<br>Washington, DC 20530<br><br>and<br><br>Executive Office for United States Attorneys<br>Freedom of Information and Privacy Office<br>Suite 5.400, 3CON Building<br>175 N Street, NE<br>Washington, DC 20530,<br><br>       Defendant. | Civil Action No.: 24-3180 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

    Plaintiff Vermont National Telephone Company ("Plaintiff") alleges for its Complaint against Defendant United States Department of Justice ("Defendant") as follows.

**I.**    **INTRODUCTION**

    1.    This is an action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), in order to compel Defendant to comply with its obligations under FOIA and to disclose records requested by Plaintiff that are not exempt from disclosure under the statute.

## II.  PARTIES

2.      Plaintiff is a corporation formed in 1994.  Though its wholly owned operating subsidiaries, Plaintiff provides telephone and wireline broadband services to 14 rural Vermont villages, as well as wireless broadband to towns throughout the state.

3.      Defendant is an executive department of the government of the United States and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## III.  JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## IV.  BACKGROUND AND APPLICABLE LAW

5.      On February 28, 2024, Plaintiff submitted a FOIA request to Defendant, a true and correct copy of which is attached to this Complaint as Exhibit A.  The request was directed to (1) Defendant's Civil Division; and (2) the Executive Office for United States Attorneys ("EOUSA").  The request sought the disclosure of documents and communications with certain individuals, law firms, and government offices relating to specific topics.

6.      Plaintiff's requests are narrow, targeted, and do not implicate any exemptions to the FOIA.  There are four discrete categories of documents requested by Plaintiff, namely documents sent to or received from three private law firms and the Executive Office of the President, relating to the parties to a False Claims Act ("FCA") case initiated by Plaintiff that is pending in the United States District Court for the District of Columbia (*United States ex rel. Vermont National Telephone Company v. Northstar Wireless, LLC, et. al*, Dkt. No. 15-cv-00728-CKK-MAU), or to the case itself.

7.      Under FOIA, Defendant had a period of twenty (20) business days to respond to Plaintiff's FOIA request and provide the requested records that were not otherwise exempt from disclosure.  5 U.S.C. § 552(a)(6)(A); 22 C.F.R. § 171.12(d). Defendant failed to comply with this statutory time period.  And now nearly eight months after receipt of Plaintiff's FOIA request, Defendant has yet to turn over a single record or commit to a date by which it will do so.

8.      As to the documents requested from the EOUSA, Defendant responded by letter on March 1, 2024, denying Plaintiff's request on the basis that it sought "records concerning a third party," and thus "could reasonably be expected to constitute an unwarranted invasion of personal privacy" under Exemptions 6 and 7(C). According to the EOUSA, it was "not required to conduct a search for the requested records" "[b]ecause any nonpublic records responsive to your request would be categorically exempt from disclosure …."  A copy of the EOUSA's response is attached to the Complaint as Exhibit B.

9.      Plaintiff timely appealed the EOUSA's decision, a copy of which is attached as Exhibit C.  Pursuant to the FOIA, the Defendant was required to make a determination on that appeal within twenty (20) business days (5 U.S.C. § 552(a)(6)(A)(ii)), which expired on April 1, 2024.  Defendant ignored this deadline.

10.      On May 10, 2024, an unidentified FOIA counselor left a voice mail message with counsel for Plaintiff, stating that EOUSA would require an additional four to six weeks to resolve the appeal.  That additional time period, which is not authorized by FOIA, also came and went without any action by the EOUSA on Plaintiff's appeal.

11.      On August 21, 2024, more than five months after Plaintiff's appeal, Defendant responded by letter to notify Plaintiff that its request had been "remand[ed] to EOUSA for further processing."  A copy of that letter is attached as Exhibit D.  Since that date, the EOUSA

has not produced any documents in response to Plaintiff's FOIA request and continues to disregard its obligations under the statute.

12.    As to the documents held by the Civil Division, Defendant responded by letter dated March 15, 2024 (but emailed on March 18, 2024), purporting to unilaterally extend the deadline for the Defendant's response "beyond the ten additional days provided by the statute" due to the "unusual circumstance" of "search[ing] in another Office in the Division." A copy of the Civil Division's response is attached to the Complaint as Exhibit E (citing 5 U.S.C. § 552(a)(6)(B)(iii)(I)).  But the Civil Division's response contravenes the FOIA.

13.    First, the statute only provides for ten-business day extension when the records must be collected from "field facilities or other establishments that are separate from the office processing the request."  5 U.S.C. § 552(a)(6)(B)(iii)(I).  All records requested by Plaintiff may be found within the Department of Justice, making misguided its reliance upon "unusual circumstances" to justify an extension in responding to Plaintiff's FOIA request.

14.    Second, even assuming the Defendant could establish the existence of "unusual circumstances" under the FOIA, it would be permitted to extend the time for responding to Plaintiff's request by ten business days at most.  5 U.S.C. § 552(a)(6)(B)(i).  Although the letter did not provide a date by which the Defendant expected to provide the requested Civil Division records, that ten-day extension period lapsed on April 17, 2024.

15.    On May 17, 2024, Plaintiff wrote the Civil Division taking issue with its long-delinquent response to Plaintiff's FOIA request and indicating its intention to pursue this matter in federal court if the requested records were not made available by the end of May 2024. A copy of Plaintiff's May 17, 2024 is attached to the Complaint as Exhibit F.

16.    On June 20, 2024, the Civil Division responded to Plaintiff's May 17, 2024 letter, stating that Plaintiff's request had been designated as "complex," meaning the response would take at a minimum one year to process, and possibly longer than two years. The Civil Division invited Plaintiff to consider "narrowing the scope" of its FOIA request, which could "reduce the time necessary for review and processing," although the Civil Division was unable to "give a firm estimate of timing" if Plaintiff's requested were narrowed.  A copy of the Civil Division's response is attached to the Complaint as Exhibit G.

17.    Plaintiff accepted the Civil Division's invitation, and, on June 27, 2024, offered to limit the number of custodians whose files should be searched for responsive records.  Plaintiff also agreed that the Civil Division did not have to produce duplicative records that had been requested from and provided by the EOUSA or the Federal Communications Commission ("FCC"), to which Plaintiff also submitted a FOIA request.  The Civil Division never responded.

18.    Plaintiff's counsel emailed the Civil Division on July 24, 2024, noting that Plaintiff was preparing to bring an action against Defendant if the Civil Division continued to disregard its obligations under FOIA.  The Civil Division responded on July 26, 2024, noting that it expected its search results to be returned in the next two weeks, at which time the Civil Division would "begin reviewing the results for responsiveness."  Copies of these emails are attached to the Complaint as collective Exhibit H.  Again, this correspondence was followed by a long period of silence from the government.

19.    Plaintiff's counsel emailed the Civil Division and EOUSA on October 25, 2024 to notify Defendant that a dispositive hearing has been scheduled for November 21, 2024 in the FCA matter to which the requested records pertain, noting the renewed urgency of Plaintiff's requests in light of this development. The Civil Division responded on October 31, 2024 to state

that it would provide an update "next week," and again on November 8, 2024 to state that, "Our goal is to provide a partial interim response at the earliest opportunity," but providing no records. Copies of these emails are attached to the Complaint as Exhibit I. As of the date of filing, EOUSA has not responded at all to this correspondence.

20.     Plaintiff has a statutory right under the FOIA to timely production of the records it seeks, and there is no legal basis for Defendant's unreasonable failure to comply with its obligations under the FOIA, particularly given the specificity and limited scope of Plaintiff's request.  Defendant's disregard of its statutory obligations is particularly egregious when the requested documents were specifically identified and are not subject to any statutory exemption under the FOIA.

21.     Due to Defendant's complete failure to comply with its obligations under FOIA, Plaintiff now seeks Court intervention to enforce its rights under FOIA, render a decision on Plaintiff's FOIA request, and compel Defendant to provide the requested records.

## **COUNT ONE**

22.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

23.     Defendant violated the FOIA and the Defendant's FOIA regulations by failing within the statutorily-prescribed time period to respond to Plaintiff's request for the records described above and resolve Plaintiff's appeal of the EOUSA's denial of that request.  5 U.S.C. §§ 552(a)(6)(A)(ii), (a)(6)(B)(iii)(I); 22 C.F.R. § 171.12(d).

## **COUNT TWO**

24.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

25.    Defendant violated the FOIA by failing to produce the records requested in Plaintiff's FOIA request.  5 U.S.C. § 552(a)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.   Declaring that Defendant's failure to issue required responses to Plaintiff and to disclose the records requested by Plaintiff violated the FOIA;

2.    Enjoining Defendant from continued violation of the FOIA;

3.    Ordering Defendant to produce, in their entirety, the records responsive to Plaintiff's FOIA request in an expeditious manner;

4.    Awarding Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

5.    Granting such other relief as the Court may deem just and proper.


Date:  November 12, 2024

*/s/ Kathleen C. Cooperstein*

Frank Scaduto (D.C. Bar # 1020550)
Kathleen C. Cooperstein (D.C. Bar # 1017553)
WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
Phone: (202) 719-7000
Facsimile: (202) 719-7049